UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMIRA MEKA,

    Plaintiff,

v.

DAYCO PRODUCTS LLC,

    Defendant.
_____/

Case No. 2:23-cv-11437

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 11) AND DISMISSING AMENDED COMPLAINT**

Emira Meka is an Albanian woman who worked at Dayco Products. By her account, she was an exemplary employee. However, things went downhill after she got a new supervisor—this time, a man. This new supervisor allegedly accused Meka of underperforming, excluded her from client meetings, removed her from leading a special project, and denied her the opportunity to give a client presentation. In the end, Dayco terminated her employment, so she is suing under Title VII for national-origin discrimination, sex discrimination, and retaliation. But even after amending her complaint, Meka has failed to plead enough facts for this Court to reasonably infer that she was discriminated against for being Albanian or a woman. Accordingly, her claims must be dismissed.

## I. BACKGROUND

The following factual allegations come from Meka's amended complaint. ECF No. 9. At the motion-to-dismiss stage, they must be accepted as true, and all reasonable inferences must be drawn in her favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

Meka began working at Dayco in late 2017, first as a program manager and then as a key-accounts manager in the sales department. ECF No. 9 at PageID.155–56. Her then-supervisor, Jane Lee, assigned her to lead a special project to create a sales-growth strategy. *Id.* at PageID.156. However, after Lee's employment was terminated in March 2020, Meka's new supervisor, Michael McGahey (an American man), removed her from leading that special project, excluded her but not her male colleagues from important customer meetings, and took over a client presentation that she had prepared. *Id.* at PageID.156–57.

Meka also contends that she was wrongly accused of substandard performance and that, during a video conference, she was subjected to a derogatory comment from a plant manager—all which Meka believes was due to her being an Albanian woman. *Id.* at PageID.157–60. Specifically, when Meka asked the plant manager where he got the price of a product from, he sarcastically responded that he "pulled it out of [his own] rectum." *Id.* at PageID.160. Meka was "stunned and upset" because the plant manager had responded professionally to other white, male

colleagues during the conference. *Id.* Meka immediately messaged McGahey explaining "how offensive the comment was and that she intended to report it to human resources." *Id.* McGahey responded that the plant manager "'is under a lot of pressure,' but that Meka was 'free to pursue HR' if she wanted." *Id.* The following business day, Meka "intended to file a report with human resources," but before she could do so, her employment was terminated. *Id.* Her position was later filled by a "white female." *Id.* at PageID.161.

Based on these facts, Meka asserts Title VII claims of national-origin discrimination, sex discrimination, and retaliation. *Id.* at PageID.161–65. Dayco filed a motion to dismiss, ECF No. 11, which is fully briefed, ECF Nos. 16; 17.

## II. STANDARD OF REVIEW

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert*, 517 F.3d at 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). If not, then the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

### III. ANALYSIS

### A. Discrimination Claims

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

Under Title VII, plaintiffs who lack direct evidence of discrimination may instead rely on circumstantial evidence under the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of discrimination under this framework, Meka must allege that:

> (1) she is a member of a protected group;
> (2) she was subjected to an adverse employment decision;
> (3) she was qualified for the position; and
> (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably.

*Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007) (quoting *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004)).

Notably, however, Meka need not allege specific facts establishing the *prima facie* case at the motion-to-dismiss stage. *Savel v. MetroHealth Sys.,* 96 F.4th 932, 943 (6th Cir. 2024); *Keys v. Humana, Inc.*, 684 F.3d 605, 608–09 (6th Cir. 2012). This is because the *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). As such, it "does not set the standard for pleading any complaint." *Lindsay v. Yates*, 498 F.3d 434, 439–40 (6th Cir. 2007); *see also Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (holding that the *prima facie* case under *McDonnell Douglas* is "premature" at the motion-to-dismiss stage).

Instead, to survive dismissal, Meka need only plead sufficient facts from which this Court, "informed by its judicial experience and common sense, could draw the reasonable inference" that Dayco discriminated against her based on a protected characteristic. *Keys*, 684 F.3d at 610 (cleaned up). Even so, "a complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations" fails to state a claim. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012).

Here, Meka has failed to allege plausible discrimination claims. Far from alleging "sufficient factual matter," her amended complaint is devoid of any facts upon which this Court could draw the reasonable inference that Dayco discriminated against her for being Albanian or for being a woman. *See Iqbal*, 556 U.S. at 678.

For example, Meka alleges that she was "wrongly accused of substandard performance," but does not provide a single detail about the who, what, when, why, or how she was told that information.[1] She also says that McGahey removed her from leading a special project—but again provides no information about the circumstances. Next, Meka says that McGahey and other male colleagues excluded her from important meetings with customers, but she gives no context such as what the meetings were about, why they were important, whether it was part of her duties to attend them, whether she had attended similar meetings before, whether other women had attended the meetings or were similarly excluded, or how her coworkers excluded her. Finally, though Meka says that the Vice President of Sales reassigned a presentation that Meka had prepared to McGahey, she again says nothing else about the incident. Even assuming that these alleged events are adverse employment actions, with such scant facts, this Court can hardly guess what animated Dayco's decisions, let alone reasonably infer discriminatory intent.

Meka also tries to draw certain parallels between herself and McGahey to demonstrate discrimination, but again, these assertions lack critical factual details. For instance, Meka says that McGahey was promoted to be her supervisor even

---

[1] Reading the amended complaint generously, McGahey was arguably the one who accused Meka of substandard performance, but Meka's use of the passive voice obscures this point. *See* ECF No. 9 at PageID.157 ("[O]nce McGahey became [Meka's] supervisor, she was wrongly accused of substandard performance.").

though she had been employed with Dayco for longer and knew more about the business. ECF No. 9 at PageID.157. She argues that McGahey's promotion proves that Dayco treated him (an American man) better than her (an Albanian woman). *Id.* at PageID.162. However, Meka has not alleged that being denied a promotion was one of the adverse employment actions that she suffered. *See* ECF No. 9 at PageID.162–63 (listing "accusations of substandard performance, being removed from leadership on special projects, and ultimately, discharge" as the alleged adverse employment actions). Moreover, she does not mention whether she applied, interviewed, was considered, or was rejected for the promotion that ultimately went to McGahey. Thus, there is no basis to infer that she was treated worse than McGahey in this instance, and to the extent that Meka is attempting to advance a failure-to-promote claim, the complaint fails to state such a claim. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 562–63 (6th Cir. 2000).

Meka also argues that McGahey was similarly situated to her—despite him being her supervisor—when he received more favorable treatment by being given her client presentation and being included in customer meetings that she was not. *Id.* at PageID.162. Because he was her supervisor, this Court seriously doubts that McGahey was similarly situated to Meka.[2] Even so, as noted above, Meka has failed

---

[2] Notably, Meka fails to identify any case in which a court found that a plaintiff's supervisor is similarly situated for purposes of a Title VII claim. Indeed, McGahey,

to plead facts suggesting any discriminatory intent with respect to those incidents. Perhaps McGahey really did receive favorable treatment because he is an American man. Or perhaps McGahey was favored over Meka for these client-facing events because he was Meka's supervisor. Or perhaps it was for some entirely different reason or combination of reasons altogether. On such minimal facts, this Court can only speculate, which is not enough to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

The Sixth Circuit has affirmed dismissals of deficient complaints like Meka's. *See Han v. Univ. of Dayton*, 541 F. App'x 622, 625–28 (6th Cir. 2013) (unpublished); *Smith v. Wrigley Mfg.*, 749 F. App'x 446, 448–49 (6th Cir. 2018) (unpublished) ("Smith's complaint recited the signposts of an age discrimination claim, but failed to supply the factual content the district court needed to connect the dots."). In *Han*, the plaintiff, an Asian-American man, alleged that he exceled at his job as a nontenured law professor yet received a poor evaluation by an oversight committee, leading to his contract not being renewed. *Han*, 541 F. App'x at 625. Although the

---

Meka's supervisor, holds a different position and has a different supervisor. *Compare Bender v. Gen. Dynamics Land Sys.*, No. 2:19-CV-13177, 2020 WL 4366049, at *6 (E.D. Mich. July 30, 2020) ("Plaintiff does not identify these supposedly similarly situated employees, nor does she explain whether they occupied the same position at General Dynamics as she did, dealt with the same supervisor, or engaged in conduct similar to Plaintiff . . . ."), *with Mitchell v. Ohio State Univ.*, No. 2:19-CV-04162, 2020 WL 5250459, at *5 (S.D. Ohio Sept. 3, 2020) (finding that plaintiff was similarly situated to three male employees "who shared her supervisor, were bound by the same policies, and engaged in similar conduct who were not terminated").

plaintiff alleged adverse actions motivated by his race and sex, the court held that this was not enough to state a claim under *Twombly* and *Iqbal*:

> Plaintiff alleges no set of facts, beyond these bare and conclusory assertions, from which a reasonable person could infer how his race or gender factored into the University's decisions regarding his employment or caused him to lose his job, as opposed to any other, non-discriminatory basis for decisions regarding his employment. The Court is therefore left to infer that the University's decision-making regarding Plaintiff's employment was discriminatory simply based on the fact that he is a man, or that he is Asian-American, or both.

*Id.* at 626–27.

Meka's amended complaint fails for the same reasons as the one in *Han*. True, she alleges discriminatory treatment and termination based on her sex and national origin. But she alleges no set of facts beyond those conclusory allegations that would allow this Court to infer that sex or national origin factored into Dayco's employment decisions. *See id.* at 626–27. Indeed, Meka's "allegation of [sex] discrimination is especially weak given the fact that . . . [s]he was eventually replaced . . . by a [fe]male." *See id.* at 627; ECF No. 9 at PageID.161. Given that Meka's complaint states "simply bare and conclusory assertions" that Dayco's decisionmaking was discriminatory, her amended complaint does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Han*, 541 F. App'x at 627. Thus, this Court cannot draw a reasonable inference of discrimination. *See Keys*, 684 F.3d at 610; *Iqbal*, 556 U.S. at 678.

Finally, with respect to the plant manager's sarcastic comment to Meka—that he pulled something "out of [his own] rectum"—this comment, while clearly distasteful, in no way references or implicates Meka's nationality or sex. Yet there is a more fundamental problem with Meka's reliance on this incident: she does not allege that the plant manager was her supervisor, so Dayco may not be held vicariously liable for his comment. *See Wathen v. GE Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

Title VII bars only *employers and their agents*—not coworkers—from discriminating on the basis of race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a). Further, the Sixth Circuit has interpreted the term "agent" to mean "an individual who serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Wathen*, 115 F.3d at 405 (6th Cir. 1997) (internal quotations omitted) (quoting *Pierce v. Commonwealth Life Ins.*, 40 F.3d 796, 803 (6th Cir. 1994)).

Here, Meka does not say anything about the plant manager's power to hire, fire, or otherwise take a tangible employment action against her. If anything, there is an implicit suggestion that he had no such authority over her, because Meka worked in Dayco's sales department while he ran a manufacturing site. *See* ECF No. 9 at PageID.155–56, 159. Because Meka has failed to allege that the plant manager

had supervisory authority over her, Dayco may not be held vicariously liable for his comment. *Wathen*, 115 F.3d at 405.

Accordingly, the motion to dismiss Meka's claims of national origin and sex discrimination is granted.

### B. Retaliation Claim

In her response, Meka says she "is agreeable to a dismissal of her retaliation count," but she seeks a dismissal without prejudice. ECF No. 16 at PageID.304. Meka may voluntarily dismiss her entire case without a court order if Dayco signs "a stipulation of dismissal." *See* FED. R. CIV. P. 41(a)(1)(A)(ii). No such stipulation has been presented, so Meka needs a court order based "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Here, given that there has been no discovery or counterclaims, a dismissal without prejudice is appropriate at this time.

\* \* \*

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 11, is **GRANTED**.

Further, it is **ORDERED** that Counts I and II of Plaintiff's Amended Complaint, ECF No. 9, are **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Count III of Plaintiff's Amended Complaint, ECF No. 9, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case.**

Dated: 07/26/2024

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge